IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EUPHRATES EARL BEAN, *et al,* )<br>)<br>  Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF MONTGOMERY ALABAMA )<br>U.S.A., )<br>)<br>  Defendants. ) | CASE NO.  2:18-cv-521-WKW-TFM |

### **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 21, 2018, the Plaintiff Euphrates Earl Bean filed a complaint on behalf of himself and Euphrates Reparations LLC.  (Doc. 1).   He also filed a Corporate/Conflict Disclosure Statement where he indicated that he represents the Plaintiff Euphrates Preparations LLC pro se. (Doc. 2). It does not appear that Euphrates Bean is a licensed attorney.

As a result this Court issued an Order on May 31, 2018 noting that pursuant to 28 U.S.C. § 1654 Mr. Bean could proceed *pro se* on his own behalf, but as a non-attorney he cannot engage in the practice of law on behalf of others.[1]   There is nothing in § 1654 or Federal Rule of Civil Procedure 17(c) which permits him to proceed *pro se* on behalf of Euphrates Reparation, LLC. The Eleventh Circuit has held on several occasions that 28 U.S.C. § 1654 prohibits a non-lawyer from representing another entity such as a corporation, trust, or estate.  *See, e.g., Nat'l Indep.*

---

[1] 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

*Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th 1984); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012).  (Doc. 7).

In addition, because the Complaint (Doc. 1) was defective and insufficient as to Euphrates Reparation, LLC, the Court allowed Plaintiff until **July 2, 2018** to file an amended complaint which did not include the corporate Plaintiff or to have counsel appear to represent the company in this matter.  Further, the Court advised Plaintiff that failure to comply with this Order would result in a recommendation that Euphrates Reparation, LLC be dismissed as a party to this action.  (Doc. 7).  Plaintiff has failed to comply with the Order of this Court.

Accordingly, for the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that Euphrates Reparation, LLC. be DISMISSED as a party to this action.   It is further

ORDERED that the Plaintiff file any objections to this Recommendation on or before **July 23 , 2018.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.

1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 9th day of July, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE