IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EUPHRATES EARL BEAN,            )
                               )
        Plaintiff,             )
                               )
v.                             )        CASE NO. 2:18-cv-521-WKW-GMB
                               )        [WO]
CITY OF MONTGOMERY,            )
                               )
        Defendant.             )

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to a United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate. Doc. 6.

On May 21, 2018, Plaintiff Euphrates Earl Bean, proceeding *pro se*, brought this action against the City of Montgomery ("the City"). Doc. 1. Bean subsequently filed an Amended Complaint. Doc. 15.

Now before the court is the City's motion for summary judgment, filed on April 8, 2019. Doc. 20. In response to the City's motion, this court ordered Bean to file a brief and evidentiary materials on or before April 23, 2019. Doc. 22.

On April 23, 2019, Bean filed a document entitled Motion the Municipality to Pay Claim to the Pro Se Eggshell Plaintiff Euphrates E. Bean. Doc. 23. Attached to this submission are five pages of exhibits. Doc. 23-1. The court, therefore, construes this submission as Bean's response to the Motion for Summary Judgment.

After consideration of the parties' submissions and the applicable law, the undersigned RECOMMENDS that the Motion for Summary Judgment (Doc. 20) be GRANTED and, to the extent that Bean's submission (Doc. 23) is a motion, that it be DENIED.

## I.  JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331.  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute of material fact is genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  In

2

responding to a properly supported motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, the non-movant must "go beyond the pleadings" and submit admissible evidence demonstrating "specific facts showing that there is a genuine [dispute] for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted).  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

When a district court considers a motion for summary judgment, it "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party, and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (citation and internal quotation marks omitted).  The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." *Allen v. Bd. of Pub. Educ. for Bibb Cty.*, 495 F.3d 1306, 1315 (11th Cir. 2007) (citation omitted).  Importantly, if the non-movant "fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir.

3

1997) (citation omitted).

## III.  STATEMENT OF FACTS

The relevant facts, viewed in a light most favorable to the non-movant, are as follows.

Bean parked his semi-truck at an Anytime Fitness location in Montgomery, Alabama.  A police officer, Corporal T.R. Fike, responded to a call about another vehicle and approached the semi-truck to determine whether it was legally parked.   Bean approached Fike and during their interaction Fike drew his service weapon and pointed it at Bean.  Fike secured a warrant for disorderly conduct and arrested Bean.  Bean alleges that he suffered injury as a result of his arrest and details the scope of his injuries in his submission to the court.  Bean entered a conditional guilty plea to the charge, and the case was dismissed after Bean received the required counseling. Doc. 20-4 at 3–4.

## IV.  DISCUSSION

The only defendant in this case is the City of Montgomery, a municipality.  The City moves for summary judgment as to Bean's federal claims on the basis that Bean has not identified a policy or custom that led to a deprivation of federally guaranteed rights.

The City cannot be held liable on a *respondeat superior* theory for Bean's federal claims of constitutional and federal statutory violations. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004); *see also Bd. of Cnty. Comm'rs of Bryan Cnty., Ok. v. Brown*, 520 U.S. 397, 411 (1997) ("[A] plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or

statutory right will follow the decision.").  Instead, for the City to be held liable, Bean must show (1) that his federal rights were violated, (2) that the municipality had a custom or policy that constituted deliberate indifference to that right, and (3) that the policy or custom caused the violation. *McDowell*, 392 F.3d at 1289.  In order for a plaintiff to demonstrate a policy or custom, it is "generally necessary to show a persistent and wide-spread practice." *Id.* at 1290.

Bean has filed a lengthy submission with the court which contains allegations, citations to statutes, legal argument, and statements of fact.  Within his submission, he states that the dismissal of his case demonstrates a "loose policy and pattern or practice" of the City's legal counsel. Doc. 3 at 12.  Bean also states that the officer's conduct in his case is typical of the culture of the City, of which "City investigations is aware." Doc. 23 at 12.

The court notes that Bean's submission is notarized, but that he has stated only that the facts within the filing are true and correct "to the best of my knowledge." Doc. 23 at 20.  To create a genuine issue of material fact, an affidavit or declaration must state that it is based on personal knowledge. Fed. R. Civ. P. 56(c)(4).  Bean's allegations "to the best of his knowledge" are not sufficient. *See Dutton v. Reynolds*, 2014 WL 4540161, at *7 (M.D. Fla. Sept. 11, 2014) (criticizing an attorney's statement qualified with "to the best of my knowledge").  Furthermore, Bean's passing references to any custom or practice are conclusory and therefore cannot defeat summary judgment. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (holding that "[m]ere conclusory allegations

and assertions will not suffice" to create genuine issues of fact at the summary judgment stage). Certainly, Bean has not presented sufficient evidence of a widespread practice of the City that lead to a deprivation of his rights. Because Bean has not demonstrated a basis for municipal liability, summary judgment is due to be GRANTED as to all federal claims in this case.

The City also moves for summary judgment on the basis of immunity under Alabama Code § 11-47-190. Bean's Amended Complaint does not appear to the court to attempt to state any state-law claims. Doc. 15. To the extent, however, that Bean's complaint includes state-law theories, the court agrees that summary judgment is due to be GRANTED because the alleged facts relate to intentional conduct of individual employees, for which the City would be immune.

## V.  CONCLUSION

For these reasons, the undersigned Magistrate Judge RECOMMENDS that the Motion for Summary Judgment (Doc. 20) be GRANTED and that the Motion the Municipality to Pay Claim to the Pro Se Eggshell Plaintiff (Doc. 23) be DENIED.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation not later than **May 16, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court, and therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the part from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest justice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 2nd day of May, 2019.

GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE